

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

May 27, 1963

Honorable Thomas S. Bishop
Major General TexARNG
The Adjutant General of Texas
Austin, Texas

Opinion No. C-85

Re: Whether appropriations con-
tained in Senate Bill 1,
Acts of the 57th Legislature,
First Called Session, Chap-
ter 62, page 203, may be ex-
pended to purchase medals au-
thorized by Senate Bill 279,
Acts of the 58th Legislature,
Dear General Bishop:                        Regular Session.

Your request for an opinion reads as follows:

"You are respectfully requested to
give your opinion concerning the follow-
ing specifically outlined matter.

"Senate Bill 279 entitled 'Texas
Code of Military Justice' passed the
Texas Legislature and was signed by
Governor Connally on May 3, 1963. The
bill becomes law 90 days after the ad-
journment of the Legislature.

"Article 5789, Awards, Decorations
and Medals of Senate Bill 279 authorizes
new State Medals to National Guardsmen
of Texas. If the Texas Legislature ad-
journs prior to June 1, 1963, can the new
State Medals as authorized under Senate
Bill 279 be purchased out of the current
appropriations to the Adjutant General's
Department."

Item 9 of the appropriation to the Adjutant Gene-
ral's Department, contained in Senate Bill 1, Acts of
the 57th Legislature, First Called Session, Chapter 62,

-413-

page 203, at page 252, reads as follows:

"ADJUTANT GENERAL'S DEPARTMENT

|  | For the Years Ending | |
|---|---|---|
|  | August 31, 1962 | August 31, 1963 |

"Out of the General Revenue Fund

" . . .

| | | |
|---|---|---|
| "9. For purchase of medals and awards to National Guardsmen as currently authorized by statute, resolution or orders by the Adjutant General, the sum of | $2,500 | $2,500 " |

In construing the above-quoted appropriation, it was held in Attorney General's Opinion WW-1330 (1962):

"A literal construction of these provisions clearly show that the provisions of the appropriation to the Adjutant General's office for the purchase of service medals are in harmony with the statutory provisions which specify the powers and duties of the Adjutant General.

"Therefore, it is our opinion that the Adjutant General has authority to purchase medals to be awarded to National Guardsmen of Texas out of the current appropriations to the Adjutant General's Department."

Article 5789, Vernon's Civil Statutes, as amended by Senate Bill 279, Acts of the 58th Legislature, Regular Session, provides for the awarding of certain specified awards, decorations and medals.

Section 44 of Article III of the Constitution of Texas provides:

"The Legislature shall provide by law for the compensation of all officers,

servants, agents and public contractors,
not provided for in this Constitution,
but shall not grant extra compensation
to any officer, agent, servant, or public
contractors, after such public service
shall have been performed or contract en-
tered into, for the performance of the
same; nor grant by appropriation or other-
wise, any amount of money out of the Treas-
ury of the State, to any individual, on a
claim, real or pretended, when the same
shall not have been provided for by pre-
existing law; nor employ any one in the
name of the State, unless authorized by
pre-existing law." (Emphasis added).

This provision has been construed by the Courts of
this State to mean that the Legislature cannot appropriate
State money to any individual "unless, at the very time ap-
propriation is made there is already in force some valid
law constituting the claim the appropriation is made to pay
a legal and valid obligation of the state."  Austin National
Bank v. Sheppard, 123 Tex. 272, 71 S.W.2d 242 (1934).  See
also Corsicana Cotton Mills v. Sheppard, 123 Tex. 352, 71
S.W. 2d 247 (1934); Fort Worth Cavalry Club v. Sheppard,
125 Tex. 339, 83 S.W.2d 660 (1935); State v. Steck Company,
236 S.W. 2d 866 (Tex.Civ.App. 1951, error ref.).

In view of the foregoing, Senate Bill 279, approved
by the Governor May 3rd, 1963, cannot be pre-existing law
for an appropriation contained in the current Appropriation
Act which was enacted August 8th, 1961.  Furthermore, the
language of Item 9 in the appropriation ending August 31,
1963, limits the expenditure for the purchase of medals and
awards currently authorized by statute, resolution or orders
by the Adjutant General, which does not include legislation
subsequent to the enactment of the Appropriation Bill.  There-
fore, any awards, decorations or medals purchased pursuant
to the authority contained in Senate Bill 279 cannot be paid
out of Item 9 of the appropriation to the Adjutant General in
Senate Bill 1, Acts of the 57th Legislature, First Called Ses-
sion, Chapter 62, page 203, at page 252.  Any medals purchas-
ed pursuant to Article 5793 prior to the effective date of
Senate Bill 279 may be purchased out of such appropriation.
Attorney General's Opinion No. WW-1330.

## SUMMARY

Senate Bill 279, approved by the

Hon. Thomas S. Bishop, page 4 (C-85)

Governor May 3rd, 1963, is not
pre-existing law for the expendi-
ture of monies appropriated in
Senate Bill 1, Acts of the 57th
Legislature, First Called Session,
Chapter 62, page 203, enacted Aug-
ust 8th, 1961. Austin National
Bank v. Sheppard, 123 Tex. 272, 71
S.W.2d 242 (1934).

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves

John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Cecil Rotsch
Pat Bailey
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone